IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRYSTAL ATKINSON,<br><br>        Plaintiff,<br><br>v.<br><br> NANCY BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-01176- DBP<br><br>Magistrate Judge Dustin B. Pead |

The parties consented to this court's jurisdiction under 28 U.S.C. §636(c). (ECF No. 16.)
Currently pending before the court is Plaintiff Crystal Atkinson's ("Plaintiff") *Petition and
Memorandum for EAJA Attorney's Fees* ("Petition") (ECF No. 29). The matter has been fully
briefed and the court has carefully reviewed the moving papers submitted by the parties.
Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the
District of Utah, the court concludes that oral argument is not necessary and will the determine
matter based upon the briefs.  Having considered the parties' briefs, the administrative record,
the relevant law, and the parties' arguments, the court **GRANTS** Plaintiff's Petition.

## I.        PROCEDURAL HISTORY

This case has a somewhat lengthy procedural history, including an earlier stipulated
remand from this court.  Plaintiff first applied for Supplemental Social Security income in
January 2012, alleging a disability onset date of January 18, 2012. (Tr. 203–12). Plaintiff's initial
application was denied on May 30, 2012, and upon reconsideration on September 6, 2012. (Tr.
103, 122). At Plaintiff's request, ALJ Norman L. Bennett held an administrative hearing on
December 6, 2013. (Tr. 31–48). On January 6, 2014, ALJ Bennett issued his decision denying

Plaintiff benefits. (Tr. 9–30). The Appeals Council denied Plaintiff's request for review on

December 17, 2014. (Tr. 1–6). Plaintiff appealed that decision to the District of Utah in January

2015. *See Atkinson v. Colvin*, No. 2:15-cv-50 (D. Utah 2015). On August 27, 2015, this court

entered a judgment remanding the case based on the parties' stipulated motion. *Id.*; (Tr. 863–68).

On September 28, 2015, the Appeals Council then remanded the case to the ALJ, providing

certain instructions on remand. (Tr. 869–74). The ALJ convened a second hearing on June 9,

2016. (Tr. 809–28). On October 4, 2016, the ALJ again issued a decision finding Plaintiff not

disabled. (Tr. 782–807). Plaintiff then filed an appeal maintaining the ALJ erred because his

decision was not supported by substantial evidence. (ECF No. 3.)

On February 7, 2018, this court issued an order reversing the decision of the

Commissioner and remanding the case for further proceedings because the ALJ: (1) failed to

indicate the weight he ascribed to one medical source, (2) misstated the record several times

when providing reasons for discounting two other medical-source opinions, and (3)concluded

that the misstatements of the record constituted reversible error because they eroded the ALJ's

basis for rejecting the medical source opinions. (ECF Nos. 26-27.)

## II.    DISCUSSION

Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412. In response, the Commissioner requests the fees be denied on the basis that the

government's position was substantially justified because the court stated that the case "presents

an exceptionally close question." (ECF No. 26 at 5.) Whether the case presents "close question"

is not the standard used to determine fees consistent with the requirements of the EAJA.

Pursuant to the EAJA, the United States is required to pay attorney fees if (1) the

plaintiff is the prevailing party, (2) the government's position was not substantially justified, and

(3) there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d).

The United States bears the burden of proving that its position was substantially justified. *See*

*Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987). The term position includes the

government's position both in the underlying agency action and during any subsequent litigation.

*See Andrew v. Bowen,* 837 F.2d 875, 878 (9th Cir. 1998). The only dispute between the parties

here is whether the government's position was substantially justified.

A position is substantially justified if it is "justified in substance or in the main—that is,

justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552,

565 (1988). A position may be substantially justified even though it is incorrect, so long as there

is "a reasonable basis in law and fact." *Id.* at 566. Furthermore, the Tenth Circuit adopts the

majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the

government's positon was not substantially justified" so long as there is a reasonable basis in law

and fact for the government's position. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

A finding that the agency decision was not supported by substantial evidence, however, is a

"strong indication" that the government's position was not substantially justified. *Id.*

When evaluating a nontreating source opinion, an ALJ must explain the weight afforded

to the opinion and set forth "specific, legitimate reasons" for rejecting the opinion. *Doyal v.*

*Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003); *see Keyes-Zachary v. Astrue*, 695 F.3d 1156,

1163–64 (10th Cir. 2012); *see also* 20 C.F.R. § 404.1527. Here, the court found that "[t]he ALJ

failed to indicate the weight he ascribed to one medical source opinion and misstated the record

several times when providing reasons for discounting two other medical-source opinions." (ECF

No. 26 at 6.) The court continued that the misstatements of the record constituted reversible

error and eroded the ALJ's basis for rejecting the medical source opinions. *Id.*

Consequently, the ALJ committed legal error by failing to indicate the weight he ascribed to one medical source opinion. Furthermore, the ALJ treatment of Dr. Staheli's opinion, who provided a medical source opinion, rested on a false premise. (ECF No. 26 at 17.) Accordingly, misstatement of medical source statements "cannot stand as substantial evidence . . . [or] suffice to meet the Commissioner's requirements for evaluating opinion evidence." *Alexander v. Barnhart,* 74 Fed. App'x 23, 26–27 (10th Cir. 2003) (unpublished). In turn, because a reasonable basis does not support the ALG's decision, the Commissioner's defense of that position lacked substantial justification. Therefore, the court grants Plaintiff's Petition and awards fees.

## III. ORDER

Since Plaintiff is the prevailing party and the government's position was not substantially justified, Plaintiff is entitled to attorney's fees and cost pursuant to the EAJA. Therefore, Plaintiff is awarded fees in the amount of $6,586.

Dated this 6th day of November, 2018.

_____

Dustin B. Pead
United States Magistrate Judge